IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY | |
| Plaintiff, | Case No.: _____ |
| v. | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| FLOAT ALASKA IP, LLC, | |
| Defendant. | |

Plaintiff BNSF Railway Company files this Original Complaint against Defendant Float Alaska IP, LLC.

## Nature of Action

1.      This is an action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Texas law for unfair competition.  Plaintiff BNSF Railway Company claims that its "NORTHERN PACIFIC" mark rights as associated with its railroad transportation services are being infringed by Defendant's use of "NORTHERN PACIFIC" in association with its airline transportation services.

## Parties

2.      Plaintiff BNSF Railway Company (hereinafter referred to as "BNSF"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Fort Worth, Texas. BNSF is a wholly owned subsidiary of Burlington Northern Santa Fe, LLC (a Delaware limited liability company). National Indemnity Company ("NICO"), a Nebraska corporation, is the sole member of Burlington Northern Santa Fe, LLC. NICO is a subsidiary of OBH LLC ("OBH"), a Delaware limited liability company, and OBH is a subsidiary of Berkshire Hathaway Inc. ("Berkshire"), a publicly-traded company whose shares are traded on

the New York Stock Exchange.

3.     Defendant Float Alaska IP, LLC ("FA") is a limited liability company organized and existing under the laws of the State of Delaware, with its believed principal place of business located in Anchorage, Alaska.  FA may be served with process by serving its registered agent, Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.

## Jurisdiction and Venue

4.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

5.     This Court has personal jurisdiction over FA because FA has numerous continuous and systematic contacts with Texas, including actively operating its www.np.com internet site in Texas, recruiting DFW pilots, securing aircraft formerly operated by American Airlines (based at DFW airport), seeking crowd funding in Texas for its airline, planning scheduled flights to Texas, and communicating with BNSF in this District in Texas, and it has taken tortious actions and entered into contracts and has prepared to provide its transportation services in this District, in Texas, and elsewhere and this cause of action arises from such activities.  *See* **Exhibits 6, 7, 8, 12.**

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims occurred in this District and that FA has taken tortious actions, entered into contracts and has advertised and prepared to offer its transportation services in this District and this cause of action arises from such actions, contracts, advertising and preparing to offer such services [28 U.S.C. § 1391(b)(3) & (c)(2)].

## Factual Allegations

### *BNSF and Its Marks*

7.     BNSF is a Class I railroad that operates one of the largest railroad networks in North

America, covering the western two-thirds of the United States. BNSF is one of the top transporters of the products and materials that help feed, clothe, supply, and power communities throughout America and the world. BNSF moves those goods more safely and efficiently, on significantly less fuel, with fewer emissions, than the all-highway alternative.

8.      BNSF's railroad network covers 32,500 route miles in 28 states and three Canadian provinces, including 13,000 bridges and 89 tunnels, employing approximately 35,000 employees, operating 7,500 locomotives, operating an average of 1,200 trains/day, serving over 40 ports and 26 intermodal facilities. *See* **Exhibit 13.**

9.      BNSF's rail network covers a significant amount of the United States:



10.     BNSF's predecessors have been providing railway transportation services in association with the NORTHERN PACIFIC marks since at least as early as 1893.

11.     In March of 1970, the then Northern Pacific Railway merged with other railways to form the Burlington Northern Railroad ("BN").  In 1995, BN and Santa Fe merged to create the Burlington and Santa Fe Railway, the largest rail network in North America at that time.  In 2005, the company introduced its current name, BNSF Railway Company.

12.     BNSF's predecessors and BNSF's extensive use of NORTHERN PACIFIC in association with railway transportation services provided by BNSF's predecessors and BNSF constitute the common law service mark rights and associated goodwill that BNSF claims.

13.     BNSF is the owner of all right, title, and interest in and to the following U.S. Registrations:

| Service Mark | U.S. Registration No. | Date Registered |
|---|---|---|
| NORTHERN PACIFIC (block letters) | 3,421,163 | May 6, 2008 |
| NORTHERN PACIFIC And Design | 3,421,164 | May 6, 2008 |
| NORTHERN PACIFIC And Design | 5,007,556 | July 26, 2016 |

All of the above-mentioned Registrations are incontestable, valid and subsisting.  BNSF is the owner of all appertaining goodwill associated with these Registrations. True and accurate copies of these Registrations are attached as **Exhibit 1**.

14.     The common law service marks of Paragraph 12 and the Registrations of Paragraph 13 are hereinafter collectively referred to as the NORTHERN PACIFIC Marks.

15.     BNSF and its predecessors have invested many millions of dollars in advertising, marketing, and promoting its transportation services under the NORTHERN PACIFIC Marks.

16.     These marketing and promotional efforts currently include operating a website, at www.bnsf.com.  Selected screenshots from BNSF's current website pages are attached as **Exhibit 2**, reflecting prominent usage of NORTHERN PACIFIC and the various awards that recognizes BNSF and its transportation services.

17.     BNSF has also been the subject of numerous national articles, including those appearing in magazines that have prominently featured the NORTHERN PACIFIC Marks in association with its transportation services. For example, recently BNSF has promoted its ten 25th Anniversary Locomotives, which have BNSF's NORTHERN PACIFIC Marks emblazed upon the sides of these locomotives.  These "traveling billboard" locomotives have traveled extensively throughout the United States since 2020.  See attached **Exhibit 3**.

18.     In addition, BNSF's Marks remain alive through various NORTHERN PACIFIC Museums, such as the Northern Pacific Depot Museum in Wallace, Idaho (see **Exhibit 4**) and the Northern Pacific Museum of Toppenish, WA (see **Exhibit 5**).

*DEFENDANT FA'S ACTIVITIES*

19.     FA intends to provide airline transportation services associated with the NORTHERN PACIFIC mark.  It is believed that FA's intended operations include locations located in Texas. (**Exhibit 6**).

20.     FA operates a website at www.np.com.  Exemplar screenshots of this website are attached as **Exhibit 7**.  As is apparent, the website makes prominent use of its claimed NORTHERN PACIFIC mark in association with its planned offering of airline transportation services. This use is the exact same mark that BNSF and its predecessors have used for over 120 years.  Indeed, FA's website prominently displays trains on the opening splash page of its website (pages 10 and 11). FA has acquired initially 4 aircraft, namely Boeing 757-200's, that were

formerly operated by American Airlines, with letters of intent to acquire more aircraft pending (**Exhibit 8**). As American Airlines no longer flies these aircraft, it is believed that FA seeks qualified pilots formerly with American Airlines from Texas to crew its aircraft.

21.     Despite prior actual and constructive notice of BNSF's Marks, FA has sought to register a series of airline transportation service marks, all filed on June 14, 2021, as follows (see **Exhibit 9**):

(a)     NORTHERN PACIFIC
Serial No.: 901773348

(b)     NORTHERN PACIFIC AIRLINES
Serial No.: 901773356

(c)     NORTHERN PACIFIC AIRWAYS
Serial No.: 901773359

and related acronym service mark applications for:

(d)     NP
Serial No.: 90773349

(e)     NPA
Serial No.: 90773351

22.     The marks described in Paragraph 20-21 are hereinafter referred to as "Infringing Designations."

23.     All of FA's above identified NORTHERN PACIFIC applications are currently under a Final Rejection, with the Trademark Examining Attorney being of the opinion that FA is not entitled to registration of its marks (Paragraph 21, *supra*) because of a likelihood of confusion with the Registrations of BNSF (Paragraph 13, *supra*).  The sound, appearance and meaning of the marks – NORTHERN PACIFIC – are identical.  Both BNSF and FA are providing transportation services – BNSF provides railroad transportation services and FA proposes to provide airline transportation services.  The Trademark Examining Attorney provided detailed evidence showing

an industry association between railroad and airline transportation services.  For example, a copy of the Final Office Action rejecting FA's Serial Number 90773348 for NORTHERN PACIFIC is attached hereto as **Exhibit 10.**

24.    As a result of these Final Rejections (all based upon the NORTHERN PACIFIC marks of FA's applications having a likelihood of confusion with the Registrations of BNSF), FA filed its Consolidated Petition for Cancellation (Cancellation Number 92080541), seeking to cancel BNSF's Registrations based upon FA's unsupported and speculative allegations of abandonment and fraud.  BNSF seeks to have this Court direct the USPTO to strike FA's applications for registration. A copy of the Consolidated Cancellation Petition (without referenced Exhibits) is attached as **Exhibit 11.**

25.    Among its various activities in developing its start-up transportation services, FA has established an interactive WeFunder webpage, seeking investors from Texas and elsewhere in its airline.  See **Exhibit 12.**

26.    Although not affiliated with or endorsed by BNSF in any manner, FA continues to promote and market and advertise the Infringing Designations without BNSF's authorization or permission.

### Count 1

### *Federal Trademark Infringement*

### *In Violation of Lanham Act § 32 (15 U.S.C. § 1114(1))*

27.    BNSF repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

28.    This is a claim by BNSF for infringement of its service marks.

29.    The NORTHERN PACIFIC Marks are in full force and effect and have never been

abandoned.

30.     The NORTHERN PACIFIC Marks are inherently distinctive or, alternatively, have acquired distinctiveness through extensive promotion, advertising and industry recognition.

31.     The NORTHERN PACIFIC Marks are owned by BNSF and are widely used by BNSF throughout the Texas market and elsewhere.

32.     BNSF intends to reserve and maintain its rights with respect to the NORTHERN PACIFIC Marks and to continue to use its NORTHERN PACIFIC Marks in connection with providing its railroad transportation services that compete with those services offered and marketed by FA under the Infringing Designations.

33.     By virtue of the goodwill and reputation for quality associated with the NORTHERN PACIFIC Marks and BNSF's extensive efforts at promoting, advertising, and utilizing the NORTHERN PACIFIC Marks, the NORTHERN PACIFIC Marks have developed a secondary meaning and significance in the minds of those in the market for transportation services provided by BNSF. The services provided under the NORTHERN PACIFIC Marks are immediately identified by the purchasing public with BNSF or as emanating from a single source.

34.     FA's unauthorized use of the NORTHERN PACIFIC Marks and Infringing Designations in order to promote its NORTHERN PACIFIC transportation services, as alleged herein, reproduces, counterfeits, copies, colorably imitates, and constitutes infringement of BNSF's NORTHERN PACIFIC Marks and is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the services in violation of 15 U.S.C. § 1114(1).

35.     The actions of FA complained of herein constitute willful and intentional infringement of the NORTHERN PACIFIC Marks in total disregard of BNSF's proprietary rights. Those actions were commenced and have continued in spite of FA's knowledge that the use of any

of the NORTHERN PACIFIC Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof, was and is in direct contravention of BNSF's rights.

36.     FA's unauthorized use of the NORTHERN PACIFIC Marks is irreparably damaging to BNSF in the form of: (i) interference with BNSF's ability to exploit its rights; (ii) confusion in the marketplace as to the duly authorized source of the services provided in connection with the NORTHERN PACIFIC Marks; and (iii) impairment of the goodwill BNSF has in its NORTHERN PACIFIC Marks. If not enjoined, BNSF will suffer irreparable damage to its rights in the NORTHERN PACIFIC Marks and its business, reputation, and goodwill.

37.     BNSF has no adequate remedy at law.

38.     BNSF is entitled to permanent injunctive relief against FA under 15 U.S.C. § 1116.

39.     BNSF is entitled to recover from FA the costs associated with this action under 15 U.S.C. § 1117.

40.     FA's conduct renders this an exceptional case. Accordingly, BNSF is also entitled to recover from its reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 2

### Unfair Competition, False Designation of Origin, and False Descriptions

### In Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a))

41.     BNSF repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

42.     The NORTHERN PACIFIC Marks are each individually distinctive (either inherently or through acquired distinctiveness), because they have been used throughout the United States for 160 years and well known to the trade and those in the market for transportation services.

43.     Those in the market for transportation services associate and identify the

NORTHERN PACIFIC Marks with BNSF and/or the services BNSF provides.

44.     FA's conduct in the advertising, marketing and preparing to provide transportation services under the Infringing Designations, and FA's use of BNSF's NORTHERN PACIFIC Marks, constitutes false designation of origin or sponsorship of FA's services and tends falsely to represent that FA's services originate from BNSF (or are from the same source that markets and provides services under the NORTHERN PACIFIC Marks) or that such services of FA have been sponsored, approved, or licensed by BNSF or are in some way affiliated or connected with BNSF, all in violation of 15 U.S.C. § 1125(a).

45.     By way of example, FA claims to be preparing to offer for sale and sell "NORTHERN PACIFIC" transportation services yet, upon information and belief, FA misleads its potential customers into believing that BNSF is providing such services, when it is not.  This is a false or misleading statement of fact that deceives or is likely to deceive potential consumer-customers in a material way that are likely to influence the consumer's purchasing decision in seeking transportation services.

46.     FA's actions were done willfully in full knowledge of the falsity of such designations of origin and such descriptions or representations and of the statements of fact and with express intent to cause confusion, mislead, and deceive the purchasing public.

47.     FA's unlawful acts constitute commercial use in interstate commerce.

48.     FA's unauthorized use of the NORTHERN PACIFIC Marks is irreparably damaging to BNSF in the form of: (i) interference with BNSF's ability to exploit its rights; (ii) confusion in the marketplace as to the duly authorized source of the transportation services provided in conjunction with the NORTHERN PACIFIC Marks; and (iii) impairment of the goodwill BNSF has in its NORTHERN PACIFIC Marks.  If not enjoined, BNSF will continue to suffer irreparable

injury to its rights in the NORTHERN PACIFIC Marks and to its business, reputation and goodwill.

49.     BNSF has no adequate remedy at law.

50.     BNSF is entitled to permanent injunctive relief against FA under 15 U.S.C. § 1116.

51.     FA's conduct renders this an exceptional case. Accordingly, BNSF is also entitled to recover from FA its reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 3

### *BNSF's Opposition to FA's Pending NORTHERN PACIFIC Applications*

52.     BNSF repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

53.     BNSF will be damaged by FA's NORTHERN PACIFIC applications for registration [Paragraph 21].  See **Exhibit 9**.  As such, BNSF seeks that the Court direct the Director of the USPTO to strike FA's pending applications for registration from the records of the USPTO per 15 U.S.C. § 1119.

## Count 4

### *FA's Pending Applications are*

### *Invalid Due to Fraudulent Procurement*

54.     BNSF repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

55.     Further, FA's applications for registration are invalid for fraudulent procurement for FA's making knowingly false, material representations to the USPTO with an intent to deceive the USPTO as follows:

> (a)     FA knew of BNSF's prior use and Registrations yet fraudulently made willful false statements and the like "punishable under 18 U.S.C. Section

1001" that it was the "owner of the trademark/service mark to be registered" and that "no other person has the right to use the mark in commerce" in a manner that would cause "confusion, mistake or to deceive" and that it was "entitled to use the marks in commerce." FA intended that the USPTO rely on such misrepresentation;

(b) FA knew of BNSF's existence and of BNSF's Registrations and failed to bring that existence and these registrations to the attention of the Examining Trademark Attorney in violation of its duty of candor; and,

(c) All applications for registrations were signed by FA's outside counsel, who failed to have personal knowledge of the truthfulness of the facts averred at the time of filing; such statements were not made "on information and belief," but rather made "of his/her own knowledge are true".

All of the above actions invalidate FA's applications for registration and as such, FA is liable in damages to BNSF pursuant to 15 U.S.C. § 1120.

## Count 5

### *Unfair Competition Under Texas Common Law*

56. BNSF repeats and reasserts all allegations contained in Paragraphs 1 through 26 above as if they were stated in full herein.

57. BNSF is, and at all times mentioned in this Complaint has been engaged in the business of providing transportation services in association with its NORTHERN PACIFIC Marks in Texas, and elsewhere. BNSF owns the registered NORTHERN PACIFIC Marks identified herein.

58. FA, without BNSF's consent, is using a reproduction, counterfeit, copy, or colorable imitation of BNSF's NORTHERN PACIFIC Marks in connection with providing, offering to provide, advertising and/or marketing of FA's NORTHERN PACIFIC transportation services.

59. FA's use of BNSF's NORTHERN PACIFIC Marks and/or the Infringing Designation is likely to deceive or cause confusion or mistake as to the source or origin of FA's provided services. As alleged in more detail above, FA's acts constitute federal trademark

infringement under Section 32 of the Lanham Act and federal unfair competition under Section 43(a) of the Lanham Act. These acts also constitute unfair competition under Texas common law.

60.     Unless FA is enjoined from the acts complained of, BNSF will suffer irreparable harm, for which BNSF has no adequate remedy at law. BNSF is entitled to an injunction under Texas law.

## **Prayer for Relief**

WHEREFORE, BNSF respectfully requests that the Court:

A.     Permanently enjoin FA from continuing to use the NORTHERN PACIFIC Marks (or any derivation or colorable imitation or acronym thereof), or any of them, including the Infringing Designations, in association with marketing, advertising, promotion and/or providing of its transportation services;

B.     Compel FA to destroy all signage, website, social media, marketing and promotional materials displaying, or to remove therefrom all references to, the Infringing Designations or any other term or mark confusingly similar to NORTHERN PACIFIC Marks, or any of them;

C.     Award BNSF its costs incurred herein and attorney's fees;

D.     Direct the Director of the USPTO to strike FA's NORTHERN PACIFIC applications for registration of Serial Nos. 901773348, 901773356, and 901773359, and its related acronyms of Serial Nos. 901773349 and 90177351 from the records of the USPTO; and,

E.     Award such further and/or alternative relief this Court deems proper.

Dated: October 21, 2022        Respectfully submitted,

*/s/Richard L. Schwartz*
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge

Enrique (Rick) Sanchez, Jr.
Texas Bar No. 24068961
rsanchez@whitakerchalk.com

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE**
  **& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

**ATTORNEYS FOR PLAINTIFF**